UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANTONIO F. CARSON,

              Plaintiff,

v.                                            CASE NO.: 05-CV-72679-DT
                                            HON. PATRICK J. DUGGAN

THOMAS M. BIRKETT,
BARBARA MEAGHEN,
R. ERICKSON, and R. WILSON,

              Defendants.

_____/

## ORDER OF DISMISSAL

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County
of Wayne, State of Michigan on August 16, 2005. _____

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

### I. Introduction

      Plaintiff Antonio F. Carson is a state prisoner at Alger Maximum Correctional Facility in Munising, Michigan.  He has been granted leave to proceed without prepayment of the filing fee and costs for this civil rights action.  Currently pending before the Court is Plaintiff's *pro se* civil rights Complaint under 42 U.S.C. § 1983.

      The named Defendants are employed by the Michigan Department of Corrections at Standish Maximum Correctional Facility in Standish, Michigan where this cause of action arose.  Defendant Thomas M. Birkett is the warden; Barbara Meaghen is a deputy warden;

R. Erickson is a resident unit officer; and R. Wilson is a correctional officer. Plaintiff sues Defendants in their individual capacities for monetary and declaratory relief.

The Complaint alleges that Defendants violated Plaintiff's rights under the Eighth Amendment to the United States Constitution by failing to protect him from an assault and battery by another prisoner. Specifically, on October 6, 2004, a prisoner with Aquired Immune Deficiency Syndrom ("AIDS") allegedly spit on Plaintiff's face, neck, chest, and stomach while the two inmates were confined in yard modules. Correctional officials told Plaintiff to shower after the incident and took him to a hospital where he spoke with a physician, but was not treated or tested.

Plaintiff claims that he has experienced extreme emotional distress as a result of being spat upon by an AIDS-infected prisoner. Count I of the Complaint alleges that Defendants were deliberately indifferent to Plaintiff's right not to be subject to cruel and unusual punishment. Count II alleges that Defendants subjected Plaintiff to an unnecessary assault and battery

## II. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v.*

2

*Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989).

To successfully establish a *prima facie* case under § 1983, Plaintiff must prove that Defendants: (1) acted under color of state law; and (2) deprived Plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)). In this case, Defendants were acting under color of state law when performing their official duties for the Department of Corrections. At issue, however, is whether Defendants deprived Plaintiff of any right secured by federal law.

The facts as alleged fail to show that Defendants deprived Plaintiff of a federal right. "In order to establish liability under the Eighth Amendment for a prison official's failure to protect [him], an inmate must demonstrate that the official was deliberately indifferent 'to a substantial risk of serious harm' to the inmate.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974 (1994)). Intentionally spitting on another person is a battery, *United States v. Taliaferro,* 211 F.3d 412, 415 (7th Cir. 2000), and the assailant was allegedly infected with AIDS. Nevertheless, Plaintiff's physician informed Plaintiff that he would not become infected with the disease as a result of the spitting incident. The only injury alleged is extreme emotional distress, which is not a basis for a federal civil rights action. 42 U.S.C. § 1997e(e). Furthermore, being spat upon does not amount to cruel and unusual punishment in violation of the Eighth Amendment. *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (agreeing with the district court's finding that "a correctional officer spitting upon a prisoner does not rise to the

3

level of a constitutional violation").

### III.  Conclusion

Defendants were not deliberately indifferent "to a substantial risk of serious harm."

Thus, Plaintiff's allegations lack an arguable basis under law and are frivolous.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C.

§§ 1915(e)(2)(b) and 1915A(b).

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Date: August 16, 2005_____

Copy to:        Antonio F. Carson, #193689
                Alger Maximum Correctional Facility
                600 Industrial Park Drive
                P. O. Box 600
                Munising, MI 49862